USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2351 JOHN DOE, ET AL., Plaintiffs, Appellants, v. BRUCE MOFFAT, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Mary M. Lisi, U.S. District Judge] ____________________ Before Selya, Boudin and Stahl, Circuit Judges. ____________________ Gerard McG.DeCelles and Stephen A. DeLeo on brief for appellants. Jeffrey B. Pine, Attorney General, and James R. Lee, Assistant Attorney General, on brief for appellees. ____________________ JUNE 11, 1997 ____________________ Per Curiam. We have carefully considered the relevant case law, the record and the parties' briefs. We affirm the district court's decision substantially for the reasons  stated  in  its  Memorandum and Order of October 22, 1996. We add only the following comments. I. Damages Claims In the context of a state actor's entry into a home to investigate  a report of child abuse or neglect and to remove a child  from  his  parents'  custody, the standards under the Fourth Amendment  and  the  Due  Process Clause are essentially the same.1 The search fits within the exigent circumstances exception to the  Fourth  Amendment's  warrant requirement if "the state actors making the search . . . have reason to believe that life or limb is in immediate jeopardy and that the intrusion is reasonably  necessary  to  alleviate the threat." Good v. Dauphin County Social Services, 891 F.2d 1087, 1094 (3d Cir. 1989).  Similarly, the Due Process Clause tolerates officials' taking custody without a prior hearing "if a child is immediately  threatened with harm or is bereft of adequate care 1 We assume, without deciding, that the Fourth Amendment's warrant and probable cause requirements apply in this context. But cf. McCabe v. Life-Line Ambulance Service, 77 F.3d 540 (1st Cir.) (reversing decision denying defendants' motion for summary judgment on ground that city's policy of permitting police officers to execute civil commitment orders by means of forcible entries into private residences fell within the "special need" exception to Fourth Amendment warrant requirement), cert. denied, __ U.S. __, 117 S. Ct. 275 (1996).  -2- or  supervision. . . . [I]t is sufficient if the officials have been presented with evidence of serious ongoing abuse and therefore have reason to fear imminent recurrence." Robinson v. Via, 821 F.2d 913, 922 (2d Cir. 1987). See also Weller v. Dept.  of  Social Services for Baltimore, 901 F.2d 387, 393 (4th Cir. 1990) ("Due process does not mandate a prior hearing in cases where emergency action may be needed to protect a child."); Lossman v. Pekerske, 707 F.2d 288, 291 (7th Cir. 1983) ("When a child's safety is threatened, that is justification  enough  for  action first and hearing afterward."). "In order to survive the 'swing of the summary judgment axe,' the nonmoving party must produce evidence on which a reasonable  finder of fact, under the appropriate proof burden, could  base  a  verdict for it; if that party cannot produce such evidence,  the  motion  must be granted." Ayala-Gerena v. Bristol Myers-Squibb  Co., 95 F.3d 86, 94 (1st Cir. 1996) (quoting Mack v.  Great  Atlantic and Pacific Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989)). Given appellants' failure to provide any factual support for their claims, the district court properly -3- took defendants' statement of uncontested facts as admitted.2 See id. at 95. Even  if  on  the undisputed facts, viewed in the light most favorable  to  appellants, a reasonable jury could conclude that the  foregoing requirements of the Fourth Amendment and the Due Process  Clause were not met in this case, the defendants would be entitled to qualified immunity. No reasonable jury could conclude on these facts that defendants lacked an objectively reasonable basis for their decision to remove the infant plaintiff.   S ee Hollingsworth v. Hill, 110 F.3d 733, 741 (10th Cir. 1997); Van Emrik v. Chemung County Dept. of Social Services, 911 F.2d 863, 866 (2d Cir. 1990). With respect to defendant Rhode Island Department of Children, Youth and Families, "[i]t is settled beyond peradventure . . . that . . .  a  state  agency  .  .  .  may not be sued for damages in a section 1983 action." Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991). II. Stay of Discovery Appellants  argue that their ability to oppose the summary judgment motion was hampered by the order staying discovery. 2 Appellants argue that they provided factual support in the form of references to a transcript of a Rhode Island Family Court proceeding. As appellants concede, however, that transcript was not submitted to the district court (nor has it been submitted to this court) and, therefore, the references thereto are mere "unsupported factual allegations" which were properly disregarded by the district court.  Ayala-Gerena, 95 F.3d at 95. -4- "It is well settled that the trial judge has broad discretion in ruling on pre-trial management matters, and we review the district court's denial of discovery for abuse of its considerable discretion." Ayala-Gerena, 95 F.3d at 91. Appellants' opposition to summary judgment was "deafeningly silent  as  to  their inability to oppose summary judgment due to incomplete discovery." Id. at 92. Appellants still have not identified how their opposition was hampered by the district court's order staying discovery. Under these circumstances, appellants' argument that summary judgment was premature in this case is without merit. See R.W. Intern. Corp. v. Welch Food, Inc., 13 F.3d 478, 488 (1st Cir. 1994). The district court judgment is affirmed. See Loc. R. 27.1. -5-